VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-034



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2024

In re C.P., Juvenile (N.S., Mother\*)

}  APPEALED FROM:
}  Superior Court, Chittenden Unit,
}  Family Division
}  CASE NO. 22-JV-01174
Trial Judge: Elizabeth Novotny

In the above-entitled cause, the Clerk will enter:

Mother appeals termination of her parental rights to C.P., born in August 2022.  On appeal, mother argues that the family division erred in concluding that she was properly served with the petition to terminate her parental rights where the notice sent to her was returned.  We affirm.

The court found the following facts.[*]  Prior to C.P.'s birth, several reports were made to the Department for Children and Families (DCF) regarding the family and mother admitted to using illicit opioids during her pregnancy.  C.P. was born with opioids and cocaine in his system, and two days after his birth, the court issued an emergency care order.  A few weeks after birth, C.P. was placed with a foster family where he has remained since.  In October 2022, the parents stipulated that C.P. was a child in need of care or supervision (CHINS) for lack of proper parental care.  The initial disposition plan had a goal of reunification with either parent.  Mother's goals included actively engaging in substance-use treatment, understanding how her substance use impacted her ability to safely care for C.P., assessing and building her parenting skills, and engaging with service providers.

Mother failed to make any progress towards these goals during the pendency of the case.  Mother did not have consistent housing, after losing her housing due to misconduct.  Mother did not consistently attend visits with C.P. and terminated visits altogether after February 2023.

---

[*] Because father has not appealed termination of his parental rights, the recitation of facts focuses on mother.

After the merits hearing in September 2022, mother did not attend court hearings. Mother did not maintain consistent contact with DCF or notify DCF regarding her contact information. Mother did not complete treatment for substance abuse, did not provide regularly required drug tests, and tested positive for controlled substances when she took tests. Mother also did not take action steps regarding parent education. At the time of the final hearing, there was an arrest warrant issued for mother due to her failure to appear for a criminal court hearing.

In May 2023, the State filed a petition to terminate mother's residual parental rights. Mother's attorney represented that mother was transient and lacked a mailing address for service of the termination petition or hearing notice. Notice of the termination hearing was sent to mother in September 2023 at the most-recent address that was on file for mother. Prior to filing the termination petition, DCF knew that mother was no longer residing at that address and the court had received returned letters for mother from that address. Mother's attorney notified the court that mother was transient and attempted to change mother's address to transient. The court denied the request, explaining that transient was an indication of mother's housing status but not a new address, as required by 33 V.S.A. § 5311(f).

The court held a hearing on the termination petition, which mother did not attend. The court found that mother made no meaningful progress on the case-plan goals. Mother continued to struggle with addiction, and did not engage in substance-use treatment, secure stable housing, build parenting skills, or attend regular visits. Therefore, the court concluded that there was a change of circumstances due to stagnation. The court also concluded that termination was in C.P.'s best interests. He did not have a meaningful relationship with mother. On the other hand, he was well loved and cared for by his foster family and adjusted to their home and community. Most importantly, mother would not be able to parent him within a reasonable time given mother's lack of progress and his young age and need for permanency. Mother appeals.

Mother contends that she was not properly served with the notice to terminate her parental rights. Under Vermont Rule for Family Proceedings 3, if a parent has appeared during a CHINS proceeding, a copy of a termination petition and hearing notice "shall be served by the court directly upon the parent or parents by first-class mail." V.R.F.P. 3(a)(3)(A).

Mother asserts that the court did not fulfil its obligation here because the notice sent to her was returned and she was therefore deprived of her right to notice of the termination hearing and an opportunity to be present and heard. See In re M.T., 2006 VT 114, ¶ 11, 180 Vt. 643 (mem.) (reversing where notice was not sent to mother).

There was no error. The rule requires the court to serve the petition and notice on a parent who has participated. The court fulfilled that obligation. By its terms, the rule does not require proof that the documents were actually received. See In re X.L., No 2011-353, 2012 WL 1293536, at *3 (Vt. March 15, 2012) (unpub. mem.) [https://perma.cc/XE3R-QCTG] (concluding that court satisfied obligation by mailing notice to mother's last address). Mother asserts that the court knew that prior notices to her address had been returned and that she was unlikely to receive it. Mother had the obligation to keep the court updated with her contact information. 33 V.S.A. § 5311(f). Mother knew about the CHINS proceedings in the family division regarding C.P. and chose not to keep the court informed with her contact information.

Under these circumstances, the court satisfied its obligation to send the notice to mother at her last known address, and there are no grounds for reversal.

Affirmed.

BY THE COURT:

 

Paul L. Reiber, Chief Justice

 

Harold E. Eaton, Jr., Associate Justice

 

Karen R. Carroll, Associate Justice